UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

HUDSON RIVER FOODS CORPORATION,

Debtor.

Case No. 24-10775-1-REL

Chapter 11

**ORDER APPROVING STIPULATION AND CONDITIONAL ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND SETTLING STAY RELIEF MOTION**

Upon reading and filing the Motion filed in the captioned case by secured creditor, Robert Reiser & Co., Inc. ("Robert Reiser") seeking relief from the automatic stay or in the alternative granting adequate protection which was filed on September 26, 2024 at Docket No. 17 (the "Motion"); and upon considering the comments of counsel for Robert Reiser and the Debtor at the hearing concerning the Motion which occurred on October 30, 2024 and at the adjourned hearing concerning the Motion which occurred on November 13, 2024; and upon reading and filing the annexed Stipulation and Conditional Order Granting Relief from the Automatic Stay and Settling the Stay Relief Motion attached hereto (the "Stipulation"); it is hereby

**ORDERED** that the Stipulation shall be, and hereby is, approved and confirmed in all respects and shall be deemed incorporated in this Order by reference.

# # #

18758187.v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
In re:                                                           :    Case No. 24-10775-1-REL
                                                                 :
HUDSON RIVER FOODS CORPORATION,                                  :    Chapter 11
                                                                 :
                                    Debtor.                      :
                                                                 :
-----------------------------------------------------------------x

### STIPULATION AND CONDITIONAL ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND SETTLING THE STAY RELIEF MOTION

This Stipulation and Conditional Order Granting Relief from the Automatic Stay and Settling the Stay Relief Motion (this "Conditional Order") is made by and among Robert Reiser & Co., Inc. ("Robert Reiser"), a secured creditor in the captioned chapter 11 case, by and through its attorneys Bond, Schoeneck & King, PLLC; and Hudson River Foods Corporation (the "Debtor"), by and through its attorneys, O'Connell & Aronowitz, P.C., with respect to the following:

### RECITALS

A. On July 9, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code commencing the instant chapter 11 case (this "Chapter 11 Case"). The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. In May 2020, the Debtor entered into a Conditional Sales Contract for the purchase of certain equipment from Robert Reiser, including one (1) Vemag Robot HP-10E (HT) Continuous Stuffer and one (1) Eight Outlet Waterwheel, together with all attachments,

18660687.v3-11/21/24

replacements, substitutions and additions (the "Collateral"), more particularly described in the Conditional Sales Contract annexed as Exhibit B to Robert Reiser's Stay Relief Motion (described below).

C. On September 26, 2024, Robert Reiser filed a motion with this Court for an order granting Robert Reiser relief from the automatic stay pursuant to 11 U.S.C. §362(d) and Rule 4001 of the Federal Rules of Bankruptcy Procedure to permit Robert Reiser to recover and dispose of the Collateral, and to exercise its rights in law or equity in and relating to the Collateral, or in the alternative, conditioning such stay on the Debtor providing adequate protection of Robert Reiser's interest in the Collateral pursuant to section 361(1) of the Bankruptcy code (the "Stay Relief Motion").

D. Robert Reiser and the Debtor have agreed to the terms of this Conditional Order in settlement of the Stay Relief Motion.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED among the undersigned that:

1. The Stay Relief Motion is granted conditionally, as provided herein.

2. The Debtor shall make monthly adequate protection payments to Robert Reiser in the amount of $1,700 (the "Payments"), with the first regular monthly payment (for October 2024), having been received prior to the date hereof, and each payment thereafter to be received on or before the 28th day of each month, or, if the 28th day is not a business day, the next business day after the 28th day (each such date, a "Monthly Payment Date") until the Payments due under the Conditional Sales Agreement are paid in full.

3. In addition to the Payments, the Debtor shall make monthly payments of arrears (the "Arrears Payments") for the unpaid adequate protection payments for the post-petition months

2

18660687.v3-11/21/24

of July, August and September 2024 (3 months x $1,700 per month = $5,100). Arrears Payments shall be paid in 6 consecutive monthly installments of $850 beginning on November 29, 2024, and continuing on each Monthly Payment Date occurring thereafter until the arrears are paid in full.

4. All Payments and Arrears Payments made hereunder shall be made through electronic ACH transfer as designated in Robert Reiser's payment instructions, such payment instructions having been provided to the Debtor prior to receipt of the first regular monthly payment.

5. All Payments and Arrears Payments made hereunder shall be applied first to accrued but unpaid attorney fees and expenses, then to accrued but unpaid interest and other amounts payable to Robert Reiser under the Conditional Sales Agreement, before applying any amounts to the principal balance of the obligation.

6. In the event the Debtor (a) fails to make any payment required under this Conditional Order by the date such payment is due, or (b) defaults on any other obligation arising under the Conditional Sales Contract, upon the giving of notice to the Debtor and its counsel of such failure (said notice to be effective upon emailing such notice to dan@hudsonriverfoods.com and papastore@oalaw.com, respectively) and the failure of the Debtor to cure such default before the expiration of ten (10) days following the date of such notice, Robert Reiser shall be authorized to submit an affirmation of its counsel attesting to such default and file with the Court an *ex parte* Order in the form annexed hereto as **Exhibit A** granting Robert Reiser relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code pursuant to section 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001 to permit Robert Reiser to exercise its rights as a secured party to recover and dispose of the Collateral.

7.   Time is of the essence with respect to all terms and conditions of this Conditional Order.

8.   This Conditional Order (a) may be modified only by written agreement between the parties hereto; (b) shall be binding on the parties hereto, and their successors and assigns; and (c) shall be effective upon approval in the captioned case[1], by the U.S. Bankruptcy Court, Northern District of New York.

Dated: November 22, 2024

O'Connell & Aronowitz, P.C.

Peter A. Pastore
54 State Street
Albany, New York
Telephone: (518) 462-5601
papastore@oalaw.com

Dated: November 25, 2024

Bond, Schoeneck & King, PLLC

Charles J. Sullivan
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8144
Fax: (315) 218-8100
csullivan@bsk.com

---

[1] In the event of any amendments to the caption to reflect the substantive consolidation of the captioned case with that of its affiliates, the terms of this Conditional Order shall apply in the consolidated case with full force and effect to the captioned parties as updated. Thereupon, the form of Exhibit A annexed hereto will be deemed modified to reflect the caption of the consolidated case.

4

18660687.v3-11/21/24

*EXHIBIT A*

(Proposed Conditional Order)

18660687.v3-11/21/24

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
:
In re:                                                          :    Case No. 24-10775-1-REL
                                                                :
HUDSON RIVER FOODS CORPORATION,                                 :    Chapter 11
                                                                :
                                                       Debtor.  :
                                                                :
----------------------------------------------------------------x

### *EX PARTE* ORDER CONFIRMING
### RELIEF FROM THE AUTOMATIC STAY

**UPON** the Motion of ROBERT REISER & CO., INC. ("Robert Reiser") for an Order Granting Relief from the Automatic Stay, or in the Alternative, Adequate Protection (the "Stay Relief Motion") (Doc. No. 17), also heard on October 30, 2024; and further

**UPON** this Court's Stipulation and Conditional Order Granting Relief from the Automatic Stay and Settling the Stay Relief Motion (the "Conditional Order"), which was entered by the Court at docket no. ___; and further

18660687.v3-11/21/24

**UPON** the affirmation of Charles J. Sullivan, Esq. attesting to the default of HUDSON RIVER FOODS CORPORATION (the "Debtor") under the terms of the Conditional Order (the "Affirmation"); and further

**UPON** the Court's consideration of the Affirmation, this Order, and all the prior proceedings herein, it is hereby

**ORDERED,** that the automatic stay is hereby terminated pursuant to 11 U.S.C. §362(d)(1) and (2) so as to permit Robert Reiser to proceed with exercising all of its rights and remedies as a secured party with respect to the equipment and other property that is subject to Robert Reiser's security interest, as described in the Stay Relief Motion, including without limitation: one (1) Vemag Robot HP-10E (HT) Continuous Stuffer and one (1) Eight Outlet Waterwheel, together with all attachments, replacements, substitutions and additions thereto.